HALL, Judge.
By this appeal, plaintiff takes issue with the action of the city court in setting aside a previous default judgment, granting a new trial, and rendering judgment in defendant’s favor rejecting plaintiff’s demands for damages.
The pertinent facts and sequences of events are disclosed by the pleadings, minutes, exhibits and a narrative of facts prepared by the trial judge. The testimony was not transcribed.
On November 4, 1974, Eugene J. Coen instituted this suit against John W. Harris in the City Court of Shreveport for damages in the amount of $500. Plaintiff alleged defendant rented a residence from him, that upon vacating the premises defendant left it in poor condition necessitating painting and cleaning at a cost of $215 and that defendant removed furniture valued at $285 belonging to plaintiff. Personal service on the defendant was made the same day. Defendant failed to answer the damage petition timely and on November 14, 1974, a default judment was rendered in plaintiff’s favor as prayed for.
At the default hearing, plaintiff testified he rented the house to defendant, furniture belonging to plaintiff was taken away by defendant, and it was necessary to repaint and clean the residence due to chocolate syrup being poured on the walls and due to its untidy condition.
A few minutes after court adjourned, defendant’s attorney, in chambers, presented the judge with a motion for a new trial predicated on the grounds (1) that the answer was mailed prior to the date the default judgment was taken but was not in the record prior to default through error or confusion; (2) that the judgment was contrary to the law and evidence; and (3) that in the interest of justice a new trial should be granted. The judge signed an order that the judgment rendered by default be recalled and a new trial be granted to be held on November 20 at 9:00 a. m. A copy of the order was delivered to plaintiff the same day.
The answer was received and filed on November 15, but the postmark on the envelope shows it was mailed on November 13.
On the day set for the new trial both parties were present. Plaintiff moved for a continuance in order to argue the motion for new trial whereupon the court asked if his evidence would be the same as adduced at the prior default hearing to which plaintiff responded affirmatively. Plaintiff further asked for a continuance in order to have a court reporter present to transcribe the evidence. The court determined there was no prejudice to plaintiff by a refusal to grant a continuance since a copy of the motion and order for a new trial was delivered to him the same day the court granted it and he had six days to prepare for trial. The court then ordered the parties to proceed with trial whereupon the plaintiff left stating he did not want to have anything else to do with the matter.
Defendant testified he agreed in August to purchase the property and paid $200 as a down payment, which testimony was supported by receipts signed by plaintiff. He did not complete the purchase, did not make the first monthly payment due October 1, and moved out October 24 after an eviction suit was filed by plaintiff. The agreement was never changed to a rental agreement. Defendant testified the furniture he took when he vacated was his own which he bought after he moved in the house. Plaintiff told defendant he could do as he pleased with the old furniture that was in the house at the time defendant occupied it and defendant gave it to the Goodwill. When he moved from the premises there was no chocolate syrup on the walls but there was some in a trash can. Defendant’s testimony was corroborated by his wife and another witness.
The trial court ruled that since plaintiff offered no evidence other than that adduced at the default hearing, it had no oth *361 er alternative than to set aside plaintiff’s default judgment and enter judgment for defendant. The court found the old furniture in the house when defendant moved in was disposed of with plaintiff’s consent and found the evidence insufficient to support the necessity of painting and cleaning up. Judgment was rendered setting aside the default judgment of November 14 and rejecting plaintiff’s demands.
Plaintiff appealed, contending that according to LSA-C.C.P. Art. 4897, a new trial cannot be granted in this proceeding; that if a new trial can be granted it can only be done after a contradictory hearing; and, alternatively, if the court holds that a new trial was proper, a continuance should have been granted and the case should be remanded in order that plaintiff may present evidence. Defendant answered the appeal, praying for damages for frivolous appeal. We affirm the judgment of the city court.
Article 4891 of the Code of Civil Procedure provides that the procedure in city courts in cases where the amount involved is $300 or less, exclusive of interest and attorneys’ fees, shall be governed by Articles 4892 through 4901. Article 4897, which provides that no new trial may be granted, is not applicable to the instant case, in which the amount involved is $500.
Articles 5001 and 5002 are applicable to this case. Article 5001 provides that, except as otherwise provided in Article 5002, the procedure in a civil case in city court is the same as that for a civil case in district court. Article 5002 establishes the delay for applying for a new trial (three days from date of judgment or service of notice of judgment when necessary), but does not otherwise regulate the procedure in connection therewith. Thus, it is clear that a new trial may be granted in city court cases involving more than $300 and that, except for the delay in which an application must be filed, the procedure in connection therewith is governed by the general articles of the Code of Civil Procedure on “New Trial”, Articles 1971 et seq.
Plaintiff-appellant argues that a new trial may not be granted ex parte without a contradictory hearing. Pertinent to this issue, Article 1971 provides that a new trial may be granted upon contradictory motion of any party or by the court on its own motion. Article 1972 sets forth the peremptory grounds requiring the granting of a new trial upon contradictory motion of any party, among which grounds is where the judgment appears clearly contrary to the law and the evidence. Article 1973, in discretionary terms, provides that a new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. Article 1974 prescribes the delay for applying for a new trial. Article 1975 requires that a motion for new trial set forth the grounds upon which it is based, and requires in certain cases not applicable here that the allegations of fact therein be verified by affidavit of the applicant. Article 1976 provides for service of notice of the motion and of the time and place assigned for hearing thereon. Article 1977 provides for the assignment of a case for hearing when a new trial is granted. Article 1978 concerns the evidence at the new trial and Article 1979 regulates the time in which a motion for new trial shall be decided by the court.
The precise issue presented in this case was considered in Borras v. Falgoust, 285 So.2d 583 (La.App. 4th Cir. 1973) in which the court held:
“Inasmuch as a new trial may be granted by the court on its own motion without a contradictory hearing, the court may in the same manner grant a new trial on the motion of a party, if convinced by the motion that the party is entitled thereto. Constitutional due process does not require a contradictory hearing on a motion for a new trial. Sonnier v. Liberty Mutual Ins. Co., 258 La. 813, 248 So.2d 299 (1971). More *362 over, if the order applied for by the motion is one to which the mover is clearly entitled without supporting proof, the court may grant the motion ex parte. C.C.P. art. 963.”
In the Sonnier case, the Supreme Court held a motion for new trial may be denied ex parte without a contradictory hearing.
Under the circumstances of the present case, it was within the city court’s sound discretion to grant a new trial. Since the court could have granted the new trial on its own motion, it was not necessary to hold a contradictory hearing on defendant’s motion.
It was likewise within the trial court’s sound discretion to deny plaintiff’s oral motion for a continuance. Considering the nature of the case, plaintiff had sufficient time to prepare for trial and arrange for a court reporter after receiving a copy of the order granting a new trial and setting the date of the new trial. It was plaintiff’s own choice not to participate in the new trial or offer additional evidence but even so, the evidence presented by plaintiff at the default hearing was taken into consideration by the trial judge in reaching a decision on the merits.
On the merits, our review is limited to the narrative of facts prepared by the trial judge. The narrative of facts fully supports the court’s finding that plaintiff is not entitled to the damages sought.
Damages for frivolous appeal are not warranted. Plaintiff’s case on the merits was not without some supporting evidence. The appeal presents serious questions of procedural law and cannot in any sense be regarded as frivolous.
For the reasons assigned, the judgment of the city court is affirmed at appellant’s costs.
Affirmed.