PITMAN, J.
1 ]Appellee, Clemmie Johnson, was awarded a money judgment against Appellant, European Motors-Ali (Owner)[1] (“Mr. Moghimi”). In the process of having the judicial mortgage cancelled, Mr. Moghimi filed several motions, including a rule to show cause and for damages, motions for written reasons, a motion to continue, a motion to compel discovery, a motion for contempt and two motions for new trial. Mr. Moghimi appeals the trial judge’s denials of his motions. For the following reasons, we affirm.

FACTS

Mr. Moghimi owns European Motors, a business that sells and installs car parts and also sells used cars. European Motors sold Mr. Johnson a motor and installed it in his car. After this installation, Mr. Johnson’s car no longer worked properly. Mr. Johnson filed suit against Mr. Moghi-mi, both of whom appeared pro se. The trial judge awarded Mr. Johnson $8,400 in damages — $8,400 for vehicle repairs, $2,500 for loss of use and $2,500 for mental anguish. Court costs were assessed to Mr. Moghimi. Mr. Moghimi filed an untimely appeal, and the appeal was dismissed. Johnson v. European Motors, 44,315 (La.App.2d Cir.3/24/09) (unpub. writ order).
On August 16, 2012, Mr. Moghimi filed a petition and rule requesting that Mr. Johnson show cause why the judicial mortgage should not be cancelled and why Mr. Johnson should not have to pay damages, costs and attorney fees for his refusal to cancel the judgment. In this petition, |2Mr. Moghimi alleged that he paid the judgment in full, but that the judicial mortgage had not been cancelled. This matter was set for a hearing on October 11, 2012.
At the October 11 hearing, the trial judge addressed and denied a motion to continue filed by Mr. Moghimi under an incorrect docket number. The trial judge then addressed Mr. Moghimi’s motion to compel discovery. Mr. Johnson acknowledged that the judgment had been paid in full. The trial judge did not award damages to Mr. Moghimi and ordered Mr. Johnson to file a motion of dismissal within ten days. The trial judge explained if Mr. Johnson did not timely file the motion, she would grant Mr. Moghimi’s motion for damages and also award court costs. That same day, Mr. Johnson filed a motion of dismissal, alleging that the judgment was paid in full. The trial judge signed an order on October 12, 2012, dismissing the action.
On October 11, 2012, Mr. Moghimi filed a motion for written reasons and notice of judgment requesting that the judge provide written reasons for the decision orally rendered in court that day. The trial judge filed a •written ruling on October 19, 2012.
On October 18, 2012, Mr. Moghimi filed a motion for new trial, arguing that the trial court’s judgment was made contrary to the laws and evidence. In a memorandum in support of the motion, Mr. Moghi-mi alleged that he was not allowed to prove damages, that he should have been awarded damages and that Mr. Johnson had not cancelled the mortgage.
*700 |3On October 25, 2012, a hearing was held to determine if Mr. Johnson complied with the court’s order to file a motion of dismissal. The trial judge stated that both a motion to dismiss and a request for cancellation were filed into the record. Noting that Mr. Johnson complied with the court’s order, the trial judge denied and dismissed Mr. Moghimi’s petition and rule. The trial judge cast the costs of filing the petition and rule upon Mr. Johnson.[2] The trial judge also filed a written ruling.
On October 25, 2012, Mr. Moghimi filed a motion and order of appeal, alleging that the trial judge’s denials of his motion for continuance, motion to compel, rule for damages and costs, motion for written reasons and motion for new trial caused him irreparable harm, i.e., that he was unable to refinance his home mortgage and to obtain business loans.
On November 2, 2012, Mr. Moghimi filed a rule for contempt, arguing that, although Mr. Johnson filled out the proper paperwork to cancel the mortgage, he refused to record the cancellation and is, therefore, in contempt of the court’s October 11 order.
At a hearing on December 12, 2012, the trial judge addressed Mr. Moghimi’s motion for new trial and rule for contempt. During this hearing, Mr. Johnson explained the steps he took to cancel the mortgage, i.e., he went to the clerk of court’s office, he received help in the clerk’s office with filling out paperwork, he had the paperwork notarized and he mailed the paperwork to the clerk of court’s office for filing. The trial judge |,<denied both motions. On December 17, 2012, Mr. Moghimi filed a motion for written reasons and written findings of fact and written judgment. The trial judge filed written reasons for judgment on December 27, 2012, explaining that Mr. Moghimi did not prove that the court’s judgment was contrary to law and evidence and did not prove that Mr. Johnson failed to act in accordance with the court’s order.
A cancellation certificate and recording page were both filed into the record and certify that the judicial mortgage was can-celled on December 12, 2012.
On December 17, 2012, Mr. Moghimi filed a motion for new trial, alleging newly discovered evidence, i.e., that Mr. Johnson cannot read. The trial judge denied Mr. Moghimi’s motion on December 21, 2012.
On December 17, 2012, Mr. Moghimi filed a motion and order for devolutive appeal, appealing the trial judge’s December 12, 2012 judgment.

DISCUSSION

Petition and Rule, Damages and Costs

Mr. Moghimi argues that the trial judge erred in denying his petition and rule filed August 16, 2012, and in denying him the right to prove damages and costs. Mr. Moghimi contends that he is entitled to damages for the negative impact on his credit and should be awarded costs and expenses for his efforts to have Mr. Johnson cancel the mortgage. He explains that he was unable to refinance the mortgage on his home and obtain business loans. He further argues that the trial judge erred in refusing to allow him to introduce evidence of damages, e.g., a “turn down Isletter” from the mortgage company, and in allowing Mr. Johnson ten days to cancel *701 the mortgage. Mr. Moghimi also alleges that he incurred approximately $800 in costs — sending certified letters, filing motions and requesting subpoenas for a deposition — -when attempting to have Mr. Johnson cancel the mortgage.
The cancellation of a judicial mortgage is governed by La. C.C. arts. 8387 and 3366 and La. R.S. 9:5169. Article 3337 states: “The recorder shall cancel a mortgage or privilege from his records in the manner prescribed by law.” Article 3366 states:
A. The recorder of mortgages shall cancel, in whole or in part and in the manner prescribed by law, the recordation of a mortgage or privilege upon receipt of a written request for cancellation in a form prescribed by law and that:
(1) Identifies the mortgage or privilege by reference to the place in the records where it is recorded; and
(2) Is signed by the person requesting the cancellation.
B. The effect of recordation of the instrument ceases upon cancellation by the recorder pursuant to the provisions of this Article.
La. R.S. 9:5169 states:
A. If a mortgage or privilege does not secure a note or other written obligation that is paraphed for identification with it, the request for cancellation shall have attached to it an act executed before a notary public or duly acknowledged before a notary public with or without witnesses or any act that is otherwise self-proving under the provisions of Code of Evidence Article 902(1), (2), (3), or (8), signed by the obligee of record of the mortgage or privilege that acknowledges the satisfaction or extinction of the secured obligation, releases or acknowledges the extinction of the mortgage or privilege, or directs the recorder to cancel its recordation.
B. A request for cancellation by an assignee must also provide the name of the mortgagor or obligor of the privilege as it appears in the recorded instrument and registry number or other appropriate recordation information of the instrument.
|fiThe trial court did not err in denying Mr. Moghimi’s petition and rule. The trial court considered Mr. Moghimi’s requests and ordered Mr. Johnson to file a motion of dismissal in which he acknowledged that the judgment had been paid in full. The trial court stated that, if Mr. Johnson did not comply with the order, it would grant Mr. Moghimi’s request for damages and court costs. The trial court was satisfied with Mr. Johnson’s compliance with her order and, therefore, dismissed Mr. Moghimi’s request for damages.
Mr. Moghimi prevailed in his request to have the judicial mortgage can-celled, as evidenced by the cancellation certificate and recording page that were filed into the record on December 12, 2012. Therefore, the only relief Mr. Moghimi might be entitled to is damages and costs, and Mr. Moghimi has not provided any legal authority that he is entitled to damages. Mr. Moghimi asserts that he is entitled to costs, attorney fees and any damages pursuant to La. R.S. 9:5557. La. R.S. 9:5557 applies to collateral mortgages. The judicial mortgage at issue in this case is not a collateral mortgage; therefore, Mr. Moghimi is not entitled to damages, costs and attorney fees pursuant to this statute.
Mr. Moghimi alleges damages of being unable to refinance his home or get a business loan. The trial judge allowed Mr. Moghimi to introduce a letter from a *702 mortgage company denying his loan application because of the outstanding judgment. This letter was dated January 2, 2012, which was approximately seven months before Mr. Moghimi filed' his petition and rule requesting that Mr. Johnson cancel the mortgage. The damages alleged did |7not result from any action or inaction of Mr. Johnson. These alleged damages are the result of Mr. Moghimi not requesting that the judgment be cancelled until approximately four years after the judgment was paid. Accordingly, the trial judge did not err in denying damages.
It is within the trial judge’s discretion to render judgment for costs against any party as it may consider equitable. La. C.C.P. art. 1920. The trial court’s assessment of costs should only be reversed upon a showing of abuse of discretion. Johnson v. Hendrix Mfg. Co., Inc., 475 So.2d 103 (La.App. 2d Cir.1985) (citing Succession of Batton v. Prince, 384 So.2d 506 (La.App. 2d Cir.1980)). The trial judge cast the costs of filing the petition and rule upon Mr. Johnson, who also paid the costs to have the judicial mortgage cancelled. The trial judge assessed costs to Mr. Moghimi for the additional motions he filed that were denied. The trial judge did not abuse her discretion in assessing some costs to Mr. Johnson and other costs to Mr. Moghimi.
Accordingly, this assignment of error is without merit.

Motion to Compel

Mr- Moghimi argues that the trial judge erred in denying his motion to compel filed October 8, 2012. Mr. Moghimi contends that Mr. Johnson’s refusal to respond to letters, interrogatories and subpoenas and to cancel the mortgage were acts of negligence or malice and bad faith. Therefore, Mr. Moghimi argues that he is entitled to a substantial award of damages and to the costs of the proceeding.
18Mr. Moghimi argues that the only way to prove that he paid the judgment was for Mr. Johnson to admit that the judgment was paid in full. At the October 11, 2012 hearing, Mr. Johnson did admit that the judgment was paid in full and also filed a motion of dismissal in which he stated that the judgment had been paid in full. Therefore, Mr. Moghimi’s attempts at additional discovery were unnecessary, and the trial court did not err in denying his request to compel discovery. Further, Mr. Moghimi has not proved that he is entitled to damages, and the trial judge did not err in assessing costs to Mr. Moghimi. See La. C.C.P. art. 1920, supra.
Accordingly, this assignment of error is without merit.

Motion for Continuance

Mr. Moghimi argues that the trial judge erred in denying his motion for continuance filed October 8, 2012, as he met both the discretionary and peremptory grounds for a continuance. He asserts that he demonstrated good cause because there were no previous continuances and Mr. Johnson failed to submit to discovery. He also argues that, because he exercised due diligence in attempting to obtain evidence, the trial judge erred in denying his motion to continue.
La. C.C.P. art 1602 sets forth the peremptory grounds for granting a motion to continue, stating:
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
*703 |flLa. C.C.P. art. 1601 sets forth the discretionary grounds for a motion to continue, stating that a “continuance may be granted in any case if there is good ground therefor.” The denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court. Newsome v. Homer Memorial Med. Ctr., 10-0564 (La.4/9/10), 32 So.3d 800; Hargrove v. Goods, 41,817 (La.App.2d Cir.2/28/07), 953 So.2d 968.
Mr. Moghimi did not demonstrate that he was entitled to a continuance. He requested that the hearing be continued so he could depose Mr. Johnson regarding the payment of the judgment. Such a deposition was unnecessary because Mr. Johnson acknowledged at the hearing and in a motion of dismissal that the judgment had been paid in full. Additionally, the trial judge did not abuse her discretion in determining that Mr. Moghimi did not demonstrate good cause for a continuance.
Accordingly, this assignment is without merit.

Motion for New Trial (I)

Mr. Moghimi argues that the trial court erred in denying his motion for new trial filed on October 18, 2012. Mr. Mogh-imi reiterates that the trial court erred in assessing court costs to him and in not awarding him damages.
La. C.C.P. art. 1972 sets forth the peremptory grounds for granting a motion for new trial and states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, |inhave obtained before or during the trial.
(3)When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La. C.C.P. art. 1973 sets forth the discretionary grounds for granting a motion for new trial: “A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” Although a trial judge has much discretion in determining if a new trial is warranted, an appellate court may set aside the ruling of the trial judge in a case of manifest abuse of that discretion. Pollock v. Talco Midstream Assets, Ltd., 46,302 (La.App.2d Cir.5/18/11), 70 So.3d 835, writ denied, 11-1295 (La.9/23/11), 69 So.3d 1166, citing Lamb v. Lamb, 430 So.2d 51 (La.1983); Hardy v. Kidder, 292 So.2d 575 (La.1973); Hickman v. Wm. Wrigley, Jr. Co., Inc., 33,896 (La.App.2d Cir.10/4/00), 768 So.2d 812.
Mr. Moghimi did not meet either the discretionary or peremptory grounds for a new trial. As discussed, supra, the casting of costs is within the discretion of the trial judge. La. C.C.P. art. 1920. The trial judge assessed costs of the petition and rule to Mr. Johnson, who also paid the costs to have the judicial mortgage can-celled. The trial judge cast costs associated with additional motions filed by Mr. Moghimi to Mr. Moghimi. The trial court did not abuse its discretion in assessing some costs to Mr. Moghimi, while assessing the costs associated with cancelling the judgment to Mr. Johnson. Furthermore, Mr. Moghimi did not demonstrate that he was entitled to damages. Therefore, the trial court did not err or abuse its discretion in denying Mr. Moghimi’s motion for new trial.
Accordingly, this assignment of error lacks merit.
*704 | uRule for Contempt
Mr. Moghimi argues that the trial judge erred in denying his rule for contempt filed on November 2, 2012. Mr. Moghimi alleges that Mr. Johnson did not cancel the mortgage within ten days as ordered by the trial court and should have been held in contempt.
At the October 11 hearing, the trial court ordered Mr. Johnson to file a motion of dismissal within ten days of the order. Mr. Johnson timely complied with this order by filing a motion to dismiss on October 11. The trial court did not order Mr. Johnson to file a request for cancellation or for the judicial mortgage to be cancelled within ten days of the order. Therefore, the trial court did not err by not holding Mr. Johnson in contempt.
Accordingly, this assignment of error lacks merit.

Written Reasons for Judgment

Mr. Moghimi alleges that the written reasons for judgment filed by the trial judge on October 25, 2012, contain errors and should be redacted. Mr. Moghimi contends that the written ruling incorrectly states that he filed a motion for continuance at the commencement of the October 11 hearing and argues that he filed the motion prior to the hearing. Mr. Moghimi alleges that the written ruling erroneously states that “the Defendant” acted in accordance with the court order and timely filed a motion of dismissal. Mr. Moghimi also contends that the written reasons incorrectly state that the request for cancellation was filed with the clerk of court’s office.
112Mr. Moghimi’s allegations are unfounded. Although he alleges that he filed the motion to continue prior to the hearing, he filed the motion under an incorrect docket number. The motion was admitted into the record of the correct docket number during the October 11 hearing. Mr. Moghimi is also mistaken in his argument that the trial court erred in stating that “the Defendant” acted in accordance with the court order. During this proceeding, the trial court referred to Mr. Moghimi as “the Petitioner” and Mr. Johnson as “the Defendant.” As discussed, supra, Mr. Johnson did comply with the court’s order and timely filed a motion of dismissal. A request for cancellation was filed into the record prior to the October 25 hearing.
Therefore, this assignment of error lacks merit.

Motion for New Trial (II)

Mr. Moghimi argues that the trial judge erred in denying without a hearing his motion for new trial based upon newly discovered evidence filed December 12, 2012. Mr. Moghimi states that he was entitled to a new trial based on discovering that Mr. Johnson cannot read or write.
A trial judge may deny a motion for new trial ex parte without a contradictory hearing. Sonnier v. Liberty Mut. Ins. Co., 258 La. 813, 248 So.2d 299 (1971); Coen v. Harris, 312 So.2d 359 (La.App. 2d Cir.1975). Mr. Moghimi’s assertion that Mr. Johnson cannot read is not a peremptory ground for a motion for new trial set forth in La. C.C.P. art. 1972. The trial court did not abuse its discretion in denying Mr. Moghimi’s motion for new trial pursuant to La. C.C.P. art. 1973. See Pollock, supra.
| ^Therefore, this assignment of error lacks merit.

CONCLUSION

For the foregoing reasons, the trial court’s rulings denying the motions of Appellant, European Motors — Ali (Owner), and ordering Appellee, Clemmie Johnson, to dismiss the mortgage are affirmed. *705 Costs of appeal are assessed to Appellant, European Motors — Ali (Owner).
AFFIRMED.

. Ali Moghimi is the owner of European Motors.

. In the written ruling, the trial judge assessed costs unto "the Defendant.” In her written rulings, the trial judge refers to Mr. Moghimi as "the Petitioner” and Mr. Johnson as "the Defendant.” The transcript from the October 25, 2012 hearing confirms that costs were assessed to Mr. Johnson.