Judgment rendered February 25, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,736-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STEPHANIE RAMSEY                                    Plaintiff-Appellant

versus

WAL-MART LOUISIANA, LLC                            Defendants-Appellees
& WALMART, INC.

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 50,908

Honorable Thomas W. Rogers, Judge

* * * * *

SMITH & NWOKORIE                                   Counsel for Appellant
By: Brian G. Smith

BLANCHARD, WALKER, O'QUIN &                        Counsel for Appellees
ROBERTS, APLC
By: Stacey D. Williams

* * * * *

Before PITMAN, COX, and STEPHENS, JJ.

**PITMAN, C. J.**

Plaintiff-Appellant Stephanie Ramsey appeals the district court's denial of her motion for new trial regarding its granting of summary judgment in favor of Defendants-Appellees Wal-Mart Louisiana, LLC and Wal-Mart, Inc. (collectively, "Walmart"). For the following reasons, we affirm.

**FACTS**

On August 4, 2023, Ramsey filed a petition for damages against Walmart. She alleged that on August 6, 2022, she was shopping at Walmart Store #1110 when a law enforcement officer approached her and advised her that she had to leave the store because of a complaint he received from a store employee.[1] She stated that she had no choice but to leave the store in the presence of other customers. She argued that Walmart knew or should have known of the employee's actions and that it failed to provide adequate training to this employee. She alleged that Walmart's actions were negligent, reckless and without reason and that she suffered damages including inconvenience, mental anguish, emotional distress, false containment and defamation.

On September 6, 2023, Walmart filed an answer and denied Ramsey's allegations. It argued that the fault of Ramsey was the sole cause of the alleged damages and that she failed to mitigate her damages. In the alternative, it pled the comparative fault of Ramsey or third persons.

---

[1] In a subsequent filing, Walmart alleged that on August 1, 2022, Ramsey was arrested on the charge of contributing to the delinquency of a juvenile and that a special condition of her bond was that she have no contact or communication with the juvenile or the juvenile's mother. The juvenile's mother is the employee who reported Ramsey's presence in the store. Walmart stated that Ramsey was not handcuffed or issued a citation, and she was not banned from Walmart.

On December 2, 2024, Walmart filed a motion for summary judgment. It argued that Ramsey could not prevail on her claim that it breached a duty owed to her. It contended that she could not prove vicarious liability because the employee bore no liability for any tort.

On December 30, 2024, Ramsey filed a motion for continuance and for an extension of time to file an opposition to the motion for summary judgment. She noted that a hearing on the motion was set for January 16, 2025, but that she and Walmart agreed to a continuance of the hearing.[2]

On January 3, 2025, the district court filed an order resetting the hearing to March 13, 2025. The record includes two pages entitled "Notify" in which the clerk's office provided counsel for both parties with the order to reset the hearing.

A hearing on the motion for summary judgment was held on March 13, 2025. Counsel for Walmart appeared and noted that counsel for Ramsey was not present and had not filed an opposition. Following arguments by Walmart's counsel, the district court granted the motion. The court later filed a judgment granting Walmart's motion and dismissing Ramsey's claims with prejudice.[3]

On March 14, 2025, Ramsey filed a motion for new trial. She alleged that her counsel was not served with notice of the March 13, 2025 hearing as

---

[2] She stated that she and Walmart also agreed to a continuance of the trial date. On December 30, 2024, Walmart filed a motion to continue the trial date and acknowledged that Ramsey requested a continuance of the hearing on the motion for summary judgment.

[3] The district court also filed a ruling stating that Walmart was not responsible for asking Ramsey to leave the store, that Ramsey was never banned from the store, that the employee had the right to assert the protection afforded under the protective order, that the employee was not joined as a defendant and that the request that Ramsey leave the store was not based on a directive from Walmart. It determined that Ramsey's claim was baseless under the law, perhaps even to the point of being sanctionable.

required by La. C.C.P. art. 1313(C) and, therefore, was not present at the hearing. She argued that she would be greatly prejudiced if the district court did not grant her motion for new trial.

On March 26, 2025, Walmart filed an opposition to the motion for new trial. It stated that the resetting of the hearing date was discussed during a telephone conference with counsel for both parties and the district court on January 3, 2025; that the district court indicated it would sign the motion to reset the hearing; and that on January 6, 2025, Walmart's counsel received notice from the clerk's office that the hearing was set for March 13, 2025. It stated that the clerk's office mailed an identical notice to Ramsey's counsel. It argued that Ramsey's counsel could have discovered the hearing date by contacting the clerk's office to follow up on Ramsey's own motion for a continuance. Walmart contended that Ramsey's counsel did not request service and did not set forth any reasons why Ramsey would be greatly prejudiced if the new trial were not granted.

A hearing on the motion for new trial was held on May 12, 2025. Counsel for both parties were present and presented arguments. The district court noted that it was Ramsey's counsel's duty to "keep up" with the motion he filed and when it was set to be heard. Counsel replied that he was waiting to be served by certified mail. The court asked counsel if he requested service by certified mail, and he responded that he did not because he did not think he was required to do so. The court responded that it signed the order on January 3, 2025, and that counsel did not have his client's best interest in mind if he waited over two months to check if the hearing date had been reset. The court denied the motion for new trial and stated:

3

This is of your own making and you filed the motion, it was incumbent on you to keep up with the date that the hearing would be set. . . . There's a certificate in the record that shows that notice was mailed to [Walmart's counsel] and you. I have no doubt that if she got hers you must have gotten yours. Now if your office overlooked it, that's on you.

On May 14, 2025, the district court filed an order denying the motion for new trial.

Ramsey appeals the district court's denial of her motion for new trial.

## DISCUSSION

In her three assignments of error, Ramsey argues that the district court erred in denying her motion for new trial. She contends that the district court should have granted a new trial pursuant to La. C.C.P. art. 1972(1) as the granting of summary judgment was clearly contrary to the law due to lack of notice. She states that the record does not contain proof of service by certified or registered mail or by other methods provided in La. C.C.P. arts. 1313(C) or 1314. She states that the court's failure to ensure compliance with service rules deprived her of her right to be heard, and the only remedy is to vacate the judgment and remand for a properly noticed hearing.

Walmart argues that the district court did not abuse its discretion in denying Ramsey's motion for new trial and that it properly granted summary judgment. It contends that La. C.C.P. arts. 1313 and 1314 did not apply and service via regular mail was adequate and proper. Walmart also argues that by discussing the continuance, identifying alternative dates for the hearing, participating in a telephone conference with the district court regarding the continuance and knowing at the conclusion of the conference that the court would issue an order of continuance, Ramsey's counsel indicated that he did not expect formal service of the order granting the continuance.

4

A new trial shall be granted when the judgment appears clearly contrary to the law and the evidence. La. C.C.P. art. 1972(1). A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art. 1973. Although a trial judge has much discretion in determining if a new trial is warranted, an appellate court may set aside the ruling of the trial judge in a case of manifest abuse of that discretion. *Johnson v. Eur. Motors-Ali*, 48,513 (La. App. 2 Cir. 11/20/13), 129 So. 3d 697, *writ denied*, 13-2964 (La. 2/28/14), 134 So. 3d 1178.

Notwithstanding La. C.C.P. art. 1313(A), if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in La. C.C.P. art. 1314, by actual delivery by a commercial courier or by emailing the document to the email address designated by counsel or the party. La. C.C.P. art. 1313(C). La. C.C.P. art. 1314 provides for service by the sheriff.

In *Little v. Pou*, 42,872 (La. App. 2 Cir. 1/30/08), 975 So. 2d 666, *writ denied*, 08-0806 (La. 6/6/08), 983 So. 2d 920, this court addressed a similar matter in which the plaintiffs argued that the resetting of a hearing on a motion for summary judgment was governed by La. C.C.P. arts. 1313 and 1314. This court stated:

> Articles 1313 and 1314 pertain to service of pleadings from the moving party to adverse parties. Also, service of incidental orders setting a hearing date obtained by the moving party are addressed in those provisions. Initially, Article 1314 would have applied to Dr. Pou for the first setting of the August 28, 2007 hearing on his motion for summary judgment. However, plaintiffs admittedly received notice of Dr. Pou's pleading and notice of that initial hearing date. The second setting occurred as the result of the plaintiffs' own pleading for a continuance. Accordingly, we find that Articles 1313 and 1314 do not govern the issue of notice to the plaintiffs.

This court determined that granting the continuance and rescheduling the hearing date were interlocutory judgments pursuant to La. C.C.P. art. 1841 and, therefore, that notice requirements set forth in La. C.C.P. art. 1914 applied.

La. C.C.P. art. 1914 states in pertinent part:

A. Except as provided in Paragraphs B and C of this Article, the rendition of an interlocutory judgment in open court constitutes notice to all parties.
B. The interlocutory judgment shall be reduced to writing if the court so orders, if a party requests within ten days of rendition in open court that it be reduced to writing, if a judgment is granted or an exception is sustained in accordance with Article 1915(C), or if the court takes the interlocutory matter under advisement. The clerk shall mail or deliver in open court notice of the judgment to each party. Delivery of the signed judgment in open court shall constitute notice of judgment and shall be documented in the record of the proceeding.

This court in *Little v. Pou*, *supra*, determined that the resetting of a hearing during a telephone conference satisfied La. C.C.P. art. 1914(A) and stated:

[A]lthough not in open court, the district judge granted the continuance for the hearing on the motion for summary judgment in the phone conference. This oral ruling was received by [the attorney] on behalf of all plaintiffs by his participation in the conference. The actual dates for resetting the motion and the jury trial were identified later on the day of the conference by the written Memorandum Order of the trial court.

This court determined that the parties also received notice pursuant to La. C.C.P. art. 1914(B) when the clerk mailed the order to the attorneys as requested by the plaintiffs in their rule to show cause. This court then found that the notice requirements set forth in La. C.C.P. art. 1572 were inapplicable as the plaintiffs did not make a written request for notice of the trial date.

This court in *Little v. Pou*, *supra*, concluded:

6

As the moving parties who received clear notice that the trial court had granted them a continuance, the determination of a new date for the matter was not something the plaintiffs could simply assume might never occur. Yet, plaintiffs waited 73 days, attempting no review of the matter, with the original October setting for jury trial of the entire case having come and gone. The trial court's reflections on the process indicate that the determination of the date for the resetting was clearly understood as imminent at the close of the phone conference. The date was selected that very day, and its identification in the Memorandum Order was transmitted adequately to the attorneys for the moving parties. The trial court's ruling not to reopen the matter after this procedural default was not an abuse of discretion.

In the case *sub judice*, this court's analysis of the facts and applicable statutes is consistent with the discussion in *Little v. Pou, supra*. In the instant case, Ramsey was served with notice of Walmart's motion for summary judgment and the initial hearing date pursuant to La. C.C.P. arts. 1313 and 1314. Ramsey filed a motion for a continuance of the hearing date, which the district court granted. The district court's order resetting the hearing is an interlocutory judgment to which the notice requirements of La. C.C.P. art. 1914 apply. Attorneys for Walmart and Ramsey participated in the January 3, 2025 telephone conference with the district court and received the court's oral ruling that it would reset the hearing. On that same day, the clerk filed the district court's order resetting the hearing to March 13, 2025, and mailed notice to counsel for both parties with the order to reset the hearing. Nothing in the record suggests that either party requested that the order be reduced to writing. Therefore, service by registered or certified mail was not required for the March 13, 2025 hearing date; the attorneys' participation in the telephone conference regarding the continuance and the clerk's mailing of the order to the attorneys were sufficient means of notice; and the district court did not abuse its discretion in denying Ramsey's

7

motion for new trial.  As noted by the district court, it was incumbent upon Ramsey's counsel to know the date of the hearing continued at his request.

Accordingly, these assignments of error lack merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Plaintiff-Appellant Stephanie Ramsey's motion for new trial.  Costs of this appeal are assessed to Plaintiff-Appellant Stephanie Ramsey.

**AFFIRMED.**