PER CURIAM.
We granted this writ of certiorari to review the refusal of the trial court to try a civil jury case (Brasseaux v. Girouard) until the criminal trial involving the same incident is “concluded and finally disposed of.”
The ruling violates relator’s rights in violation of the 14th Amendment, Section 1 of the United States Constitution, and in violation of Article 1, Sections 2 and 6 of the Louisiana Constitution.
“No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.” Constitution of the United States, Fourteenth Amendment, Section 1.
“No person shall be deprived of life, liberty or property, except by due process of law.” Constitution of the State of Louisiana, 1921, Article 1, Section 2.
“All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.” Constitution of the State of Louisiana, 1921, Article 1, Section 6.
On August 8, 1967, relator Brasseaux filed this action averring that defendant Girouard shot and severely injured him, either negligently or intentionally, on June 23, 1967. On October 3, 1967 the case was fixed for trial for April 9, 1968.
Girouard filed two rules on March 14, 1968 which (along with another matter) were the subject of Brasseaux v. Girouard, et al., 214 So.2d 401 (La.App.3d Cir. 1968).
The case was assigned for trial for the second time on March 30, 1969, said fixing being made on September 30, 1968. On January 27, 1969, Girouard filed a motion to set this trial date aside because of a conflict which his counsel had on that date with a previously fixed case. The motion was granted.
The case was next fixed for trial on September 9, 1969, said assignment being made on March 23, 1969. On August 29, 1969, Girouard filed a motion to suspend and continue the trial until such time as the criminal trial pending against him as a result of the shooting incident is concluded and finally disposed of. The trial court granted the motion on September 4, 1969. On September 18, 1969, we denied writs with the following ruling:
“WRITS DENIED: A temporary continuance may be within the discretion of the trial court. However, if the criminal case is not tried within six weeks, the relator’s right to supplement and re-urge this application is reserved, if upon relator’s motion the indefinite continuance is not rescinded, and this civil case alloted a trial date in accordance with the rules of the Civil District Court.”
*256 On October 20, 1969, relator Brasseaux filed a motion in District Court to have the indefinite continuance rescinded and to have the case allotted a trial date in accordance with the rules of court, which motion was granted on November 20, 1969.
The case was fixed for trial for the fourth time for July 13, 1970, said fixing being made on June 15, 1970. On June 22, 1970, the motion which resulted in the ruling here under review, was filed by defendant Girouard. The motion was granted by the trial court on June 29, 1970.
Attached to the application for writs is an affidavit of a Deputy Clerk of Court of the Fifteenth Judicial District Court for Lafayette Parish, stating that if the jury trial in this case is not tried on July 13, 1970, it cannot be reassigned a trial date before February 17, 1971 under the Rules of Court and the Instructions of the Judges.
We have before us a case filed twenty-two months ago concerning an incident which occurred three years ago. The case has been set for trial four times and postponed each time in response to actions of defendant Girouard. Efforts by relator Brasseaux to have the case heard and decided have been thwarted to date. Now, on motion of Girouard, the District Court has ruled that the case cannot be tried until the criminal case pending against defendant Girouard is finally disposed of. This ruling is reversed.
Final disposition of the criminal case pending against Girouard may take an extensive period of time. In three years the criminal case has not yet been tried. If defendant is convicted, there are a multitude of legal delays that can be imposed by defendant by time consuming appeals and writ applications to both State and Federal Courts. If the trial court’s ruling stands, relator’s only chance for a trial within the foreseeable future rests with Girouard’s acquittal.
To require relator to await the finality of the criminal proceedings makes his civil remedy inadequate if not non-existent. This is a violation of relator’s constitutional rights.
Respondent alleged in the motion for a continuance (which was granted by the trial court) that:
“6.
“Movant alleges that he cannot effectively meaningfully or successfully defend himself in this civil lawsuit without testifying as to the circumstances connected with this alleged charge of aggravated battery; for him to do so, however, will tend to incriminate him as to the criminal charges arising out of the same factual circumstances; anything that he might testify to will become a matter of public record and may be used by the State against him in connection with the State’s prosecution of him for the crime of aggravated battery; should he not testify, he incurs the risk of having judgment rendered against him in excess of One Hundred Thousand Dollars which otherwise reasonably may not occur, should he testify in his defense.
“7.
“Movant further alleges that his necessary defense in this lawsuit as to the civil claims of Dunice Brasseaux of necessity may disclose his evidence long in advance of his criminal trial and thus prejudice his defense in that trial; for the court to compel your movant to stand trial in the captioned civil lawsuit amounts to a denial of due process secured to your movant by the Constitution of the United States, particularly the Fourteenth Amendment thereof to compel your movant to trial in this matter would permit the State of Louisiana, acting through a judge of this court, to compel your movant to testify against himself or to become a witness, where the State of Louisiana, acting through the District Attorney, is without legal authority to do so.”
*257 We are aware of the conflict of the constitutional rights of the parties. When most crimes are committed, there also exists a civil remedy. Correspondingly many civil cases concern facts which could also be the subject of a criminal prosecution. This problem has always existed, yet no cases have been cited holding that a civil trial must await the finality of a criminal prosecution, as held by the Trial Court.
The case is remanded with instructions to proceed with the scheduled jury trial on July 13, 1970.
Remanded for trial.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., not participating.