FRUGÉ, Judge.
This is a suit by a bank as a holder in due course against the maker and the payee-endorser on two checks totaling $9,437.10. Criminal charges were filed in Acadia Parish wherein this suit arose and in East Baton Rouge Parish by the payee against the maker in the first jurisdiction, and the maker against the payee in the second for a theft of $5,000.00 allegedly arising out of the same transaction upon which the plaintiff became a holder in due course.
Defendant Prejean, payee-endorser, was subjected to prosecution in East Baton Rouge Parish and sought to have this civil suit abated until the outcome of the criminal suit. After giving a continuance to him for that reason, and another one for sickness, the trial court ordered that the case be tried. A judgment was rendered in favor of the plaintiff against both Brown and Prejean. The latter appealed; the former has not. We affirm.
Prejean urges that because of the pen-dency of the criminal suit in East Baton Rouge Parish he could not thoroughly di *799 vulge his defenses and insist that the trial judge abused his discretion when he ordered him to go to trial.
We have repeatedly held that the granting of a continuance in a suit is within the discretion of the trial judge, and an appellate court will not interfere except where that discretion is abused.
We do not find that that discretion was abused in this instance. A suit arising out of a transaction also giving rise to criminal charges presents troublesome problems. A plaintiff has a right to a trial; otherwise, he will suffer a loss of property. Such a loss would be a denial of the due process of law. To unduly delay his trial equally may cause him the same denial of due process.
On the other hand, the defendant may be in a position where he needs to assert his constitutional right to avoid self incrimination. He may be required to make a decision to not testify in his behalf in the civil suit for fear of such incrimination or to testify and not reveal all his defenses because of the same fear. This defendant chose the latter. He (defendant in both civil and criminal cases below) has no constitutional right to be relieved of the burden of that choice. DeVita v. Sills, 422 F.2d 1172 (3 Cir., 1970); United States v. Simon, 373 F.2d 649 (2 Cir., 1967).
We addressed ourselves to this issue in State ex rel. Brasseaux v. Spell, 238 So.2d 254 (La.App. 3rd Cir., 1970) and concluded that the right of the plaintiff to have a speedy trial must prevail over a risk that defendant will be forced to incriminate himself. As in that decision, we have not been cited any cases holding that a civil trial must await the finality of a criminal prosecution.
For the foregoing reasons, the judgment appealed from is affirmed. The appellant to pay all costs.
Affirmed.