*801
 
 PER CURIAM.
 
 [1]
 

 | ]This matter arises out of a medical malpractice suit brought by plaintiff Yvonne Newsome against Clint C. Butler, M.D., John H. Smith, M.D., and Homer Memorial Medical Center, defendants. Defendants treated plaintiff from December 21, 2004 to December 28, 2004. The issue before us is whether, five years after the date the alleged malpractice occurred, the trial court erred in continuing a hearing on defendants’ motion for summary judgment so that the filing of the affidavit of plaintiffs expert witness opposing the motion for summary judgment would not be untimely. For the reasons that follow, we hold that it was, indeed, error for the trial court to continue the hearing.
 

 Prior to bringing suit, plaintiff had filed a request for a medical review panel with the Louisiana Patients’ Compensation Fund on December 28, 2005, a full year after the alleged malpractice; however the attorney chairperson was not appointed until November 3, 2006. Following a lengthy delay of over two years, during which time plaintiff missed five deadlines to submit her evidence and required that the life of the panel be extended three times, the panel met on February 11, 2009, and rendered a unanimous decision in favor of defendants.
 

 Plaintiff filed suit on June 10, 2009, but withheld service on defendants for ninety days, until the last day allowed to request service, September 9, 2009. Defendants propounded discovery to plaintiff on October 1, 2009, specifically asking | ¡jf plaintiff had obtained an expert witness. Plaintiff had not responded to the discovery as of March 12, 2010, the date the application was filed in this Court.
 

 Defendants, on December 9, 2009, filed a Motion for Summary Judgment, which was set for hearing on January 22, 2010. On January 7, 2010, plaintiffs counsel contacted defendants’ counsel and asked for a continuance of the hearing based on plaintiff’s counsel’s trial schedule. Defendants’ counsel agreed to the continuance, with the caveat, to which plaintiffs counsel agreed, that the matter would not be continued again. The hearing was rescheduled for February 11, 2010.
 

 On February 4, 2010, seven days prior to the scheduled date for the hearing of the motion for summary judgment, plaintiff filed a “Motion for Continuance or in the Alternative, Motion for Permission to File Affidavits Late.” The trial court set the hearing on plaintiffs motion for the same date as the date of the hearing of defendants’ motion for summary judgment, February 11, 2010. At the hearing of plaintiffs motion, plaintiff presented to the trial court an expert’s affidavit, and re
 
 *802
 
 quested that the hearing of defendants’ motion for summary judgment be continued so “the late filed affidavit [would] be considered timely.” Transcript at p. 2, 1. 30.
 

 After listening to the arguments of both counsel, the trial court stated:
 

 Well, I guess my inclination is to deny the continuance, and also the time to give for the affidavit, but I don’t want to punish your client because of something that you failed to do, and I think even if I ruled against you, maybe the Court of Appeal would probably send it back saying that’s possibly what I’m doing. So, I’m going to go — what I’m going to do is, I’m going to allow the continuance as to — or the alternate, time to let you file the affidavit ...
 

 Transcript at p. 15,1.13.
 

 The denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court.
 
 Hargrove v. Goods,
 
 41,817 (La.App. 2 Cir. 2/28/07), 953 So.2d 968, 971. A continuance may be granted in any case if there is a good ground therefor. C.C.P. art. 1601.
 

 With regard to motions for summary judgment, the law provides:
 

 The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are |3served, the opposing affidavits ... shall be served ... at least eight days prior to the date of the hearing ...
 

 C.C.P. art. 966(B).
 

 Here, plaintiff requested a continuance of the hearing of a motion for summary judgment just seven days prior to the date of the hearing, and attempted to file an affidavit on the day set for the hearing of the motion for summary judgment, which violates the eight-day limit contained in Article 966(B). Plaintiffs “good cause” for the continuance was solely to allow the affidavit to be filed at least eight days before the date of the hearing. Plaintiffs counsel’s reason for not having obtained an expert or an expert’s affidavit earlier was that her one-week trial scheduled in January turned into a three-week trial. Plaintiffs counsel’s reasoning ignores the fact that, despite having had one year to obtain an expert prior to requesting the medical review panel, one year to obtain an expert prior to requesting the appointment of an attorney chairperson for the panel, two years to obtain an expert during the pen-dency of the medical review panel, nine months to obtain an expert prior to defendants filing their motion for summary judgment, and two months to obtain an expert prior to the scheduled hearing of the motion for summary judgment, she waited until the day prior to the scheduled hearing date to obtain the affidavit of an expert with whom she had been in contact for over a month regarding the case and whom she had used on several previous occasions.
 

 Under the facts of this case, the trial court abused its discretion in granting the motion for continuance solely in order to allow plaintiffs expert’s affidavit to be filed in compliance with the eight-day limit contained in Article 966. The lower courts are reversed and the matter is remanded to the trial court, which is ordered to conduct a hearing on defendants’ motion for summary judgment based on the pleadings, depositions, answers to interrogatories, and admissions on file on February 11, 2010, together with any affidavits
 
 *803
 
 served at least eight days prior to that date.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Kimball, C.J., did not participate in the deliberation of this opinion.