BONIN, J.,
Dissents with reasons.
|,1 respectfully dissent.
I join in Judge Belsome’s dissent, but also give an additional reason why I would *665 affirm the partial summary judgment granted by the trial court.
If the Northrup Grumman interests were not prepared for the hearing on the motion for summary judgment, the proper remedy would have been to apply to the trial court for an extension of time. “For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions.” La. C.C.P. art. 966 B (emphasis added). Remanding this case in order to permit Northrup Grumman to make the kind of opposition it was required by Article 966 to make before the hearing runs counter to the guide recently given us by the Louisiana Supreme Court in Newsome v. Homer Memorial Medical Center, 10-0564 (La.4/9/10), 32 So.3d 800. See also Pruitt v. Nale, 45,483 (La.App. 2 Cir. 8/11/10), 46 So.3d 780, which very recently applied Newsome.
|2Even if the trial judge had been or will be presented with the “certification” that the Northrup Grumman interests were seeking to supply for the first time in this court, the “certification” is by an attorney for one of the parties. Only the attorney executed the affidavit required for the admissibility of the questioned document. But our court, albeit in a split decision, has held in Franklin Credit Management Corporation v. Gray, 07-1433 (La.App.1/14/09), 2 So.3d 598, 603, that
... the affidavit of [one party’s] lawyer submitted in opposition to [the other party’s] motion does not constitute “competent evidence” sufficient to defeat a motion for summary judgment. Rule 3.7 of the Rules of Professional Conduct prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness except under certain circumstances.
Thus, the previous panel’s decision in our court to deny supplementation was correct under the Franklin Credit decision, and the Northrup Grumman interests are misplaced in arguing that it has now shown sufficient authentication.
We are giving the Northrup Grumman interests a third bite to get their evidence before the court when others have been denied two.
Accordingly, I would affirm the partial summary judgment in favor of the surviving Falgoust family members and Hope-man Brothers.
(I note parenthetically that, if Hope-man Brothers considers that it has a particular moral duty to the Northrup Grumman interests, it is always free to perform of its own will that which Northrup Grumman sought to judicially force it to perform by its cross-claim, or Hopeman Brothers is free to conventionally obligate itself anew to Northrup Grumman. See La. Civil Code arts. 1760-1762. Such action by Hopeman Brothers, of course, could not have any effect on the acquired rights of the Falgoust family by virtue of the judgment if affirmed. See La. R.S. 13:4231.)