LOVE, J.,
concurs in part and dissents in part.
hi concur in the majority’s affirmation of the trial court’s exclusion of Dr. Patricia Salvato’s expert testimony. However, I respectfully dissent from the majority’s reversal of the trial court’s denial of Dr. Hooper’s second motion for continuance and the reversal of the trial court’s grant of the motion for summary judgment.
The denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court. Newsome v. Homer Medical Center, 2010-0564 (La.4/9/10), 32 So.3d 800. A continuance may be granted in any case if there is a good ground therefor. La.Code Civ. Proc. art. 1601.
*1208 In the matter sub judice, Dr. Hooper moved for a continuance in the hearing of a motion for summary judgment 10 days prior to the date of the hearing in that her attorney was scheduled to appear in a week-long trial in federal court. The trial court granted Dr. Hooper’s motion and reset the hearing to August 30, 2010. On August 24, 2010, Dr. Hooper moved for a second continuance, contending that she needed additional time to obtain a medical report and an affidavit from her treating physician, Dr. Michael Gray, who was located in Phoenix, Arizona. Dr. Hooper also maintained that Dr. Gray was not forthcoming with the medical report.
| ^However, I find support in the record for the trial court’s denial of Dr. Hooper’s second motion for continuance. Dr. Hooper was given ample time to obtain the medical documentation necessary to carry her burden of proof and defeat summary judgment. Further, the record reflects that Dr. Hooper was unwilling to pay the $7,500.00 retainer that was requested by Dr. Gray. Thus, under the instant facts, I find that the trial court did not abuse its discretion in denying Dr. Hooper’s second motion for continuance and did not err in granting the motion for summary judgment.