NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-657

MARY HELEN LEVINE

VERSUS

LARRY JAMES JOHNSON, SR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 05-5457
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Shannon J. Gremillion, Judges.

AFFIRMED.

Timothy O'Dowd
Attorney at Law
921 Ryan Street, Suite D
Lake Charles, LA 70601
(337) 310-2304
COUNSEL FOR DEFENDANT/APPELLEE:
    Larry James Johnson, Sr.

**Michelle A. Breaux**
**Attorney at Law**
**634 Enterprise Boulevard**
**Lake Charles, LA 70601**
**(337) 493-8442**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Mary Helen Levine**

**DECUIR, Judge.**

After nearly thirty years of marriage, Mary Helen Levine and Larry James Johnson, Sr., were divorced in December of 2005. In 2009, Levine sought a judicial partition of their community property. After a hearing, the trial court divided the couple's property and ordered Johnson to make an equalizing payment of $44.18 to Levine. Levine now appeals, alleging six assignments of error. For the following reasons, we affirm the judgment rendered below.

ASSIGNMENT OF ERROR NUMBER ONE:

Levine was awarded $1,257.21 as reimbursement for the payment of utility bills, $287.09 as reimbursement for the payment of water bills, and $1,870.20 as reimbursement for the payment of property taxes, all pertaining to the Commercial Street property occupied by Johnson after the divorce. Levine contends the trial court erred in the amounts awarded. Our review of the record shows the trial court relied on the documentary evidence produced by Levine in making these awards. While Levine testified to other payments she made, the trial court found she did not meet her burden of proving any amounts greater than those shown in the exhibits produced. She did not produce witnesses or further documentation to prove her allegations regarding fees and additional payments not delineated in the records submitted into evidence.

We find the evidence supports the amounts awarded and affirm the amount of reimbursement ordered for Levine's payment of utility bills, water bills, and property taxes.

ASSIGNMENT OF ERROR NUMBER TWO:

After Hurricanes Rita and Katrina destroyed thousands of Louisiana homes and businesses in 2005, the State set up a program to distribute federal and state relief funds to property owners. The funds distributed are commonly referred to as

Road Home payments. Both Levine and Johnson received Road Home payments to repair the homes they were living in when Hurricane Rita hit Calcasieu Parish. The parties received $23,628.33 for the O'Brien Street property where Levine was living, and $78,945.82 for the Commercial Street property where Johnson was living. Levine contends that Johnson did not use the Road Home money for repairs to the Commercial Street property; rather, she believes he withdrew the money and used it for something other than the repair and preservation of community property. Levine argues that if the Road Home money, which is community property, was not used on the Commercial Street home, she is entitled to half of it.

The trial court heard Johnson's testimony, viewed the photographs depicting work in progress as well as new furnishings, and reviewed the receipts submitted as evidence of expenses for supplies and labor on the Commercial Street property. In written reasons for judgment, the trial court concluded:

> When the Court considers all of the evidence, or lack of evidence produced by the parties, the Court finds that neither party has established that funds, which were received during the marriage, were not used by the other party for the benefit of community property.

Indeed, we have reviewed the record and find no manifest error in this conclusion. While Levine's testimony casts some doubt on Johnson's use of the Road Home money, she did not offer proof sufficient to show that he did not use the money on the Commercial Street home.

We find no merit to Levine's second assignment of error.

ASSIGNMENT OF ERROR NUMBER THREE:

Levine next raises the question of whether the Commercial Street property was properly classified as community property. She contends the property was purchased in 1998 with separate funds she received in a personal injury settlement.

In support of this argument, Levine offered the settlement sheet from the personal injury suit. In her testimony, she recounted that she opened a bank account in her name individually where she placed the settlement funds, which she then used shortly thereafter for the purchase of the home and subsequent renovations. The record before us, however, reveals that the settlement was issued to both Levine and Johnson, and the house was purchased during the marriage in both names.

Louisiana Civil Code Article 2340 provides:

> Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property.

Johnson argues that Levine has not been able to overcome the presumption that the Commercial Street home is community property. The trial court listened to Levine's testimony regarding her efforts to keep the personal injury settlement as her separate property, but the trial court was concerned with the lack of documentary proof. No evidence of a separate bank account was offered. No bank records were offered to trace the funds. Levine relied on her statement that both her attorney in the 1998 tort suit and her real estate agent led her to believe her settlement was community property and the couple's new home should be bought in both names. The trial court was not satisfied that this testimony was sufficient to overcome the presumption of community when bank records would have been so simple to produce. The trial court denied her claim, and we find no manifest error in this conclusion.

ASSIGNMENT OF ERROR NUMBER FOUR:

Levine next contends the trial court erred in failing to award her half the value of certain stocks sold by Johnson. The trial court determined Levine failed to meet her burden of proof on this issue. We agree. The documentary evidence in

the record shows that Johnson sold Vanguard stock in 2005 while the parties were still married. Other evidence shows that Johnson received funds totaling $12,480.00 from MetLife in 2005, but the records do not show when the payment(s) were made in 2005 nor what they were for. There is no evidence showing any sale of stock by either party after 2005. The sale of stock is a documented transaction, and the proceeds therefrom can be traced to certain accounts. A paper trail should be readily available in an effort to prove a sale took place. In this case, Levine seems to have made no effort to offer the court evidence of the alleged transactions.

The trial court also denied Levine's claim for a portion of the insurance proceeds from an automobile property damage claim. The court explained:

> [Levine] testified that [Johnson] received $2,548.00 for property damage to this vehicle after they divorced and that she is entitled to one-half of this amount. [Johnson] denies that he ever received any payments. He maintains that [Levine] received the funds because she filed the claim and had the car. There was no evidence produced by [Levine] in support of her claim that he received the money or cashed the check. There was also no evidence introduced to establish the value of this vehicle.

We find no manifest error in the denial of this claim.

ASSIGNMENT OF ERROR NUMBER FIVE:

Because one of Levine's witnesses was unable to appear at trial, Levine requested a continuance, alleging the unavailable witness would provide vital testimony on the sale of stocks that belong to the community. The request for a continuance was denied. The trial court determined the witness could have been deposed or the information to which she would have testified could have been presented through other means. The court found no proof that Levine would be prejudiced by the denial of a continuance.

Under La.Code Civ.P. art. 1602, a party seeking a continuance must show "that he has been unable, with the exercise of due diligence, to obtain evidence

material to his case[,] or that a material witness has absented himself without the contrivance of the party applying for the continuance." The trial court's comments and the circumstances disclosed in the record indicate Levine did not meet her burden of proof on this issue. "The denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court." *Newsome v. Homer Memorial Medical Center*, 10-564 (La. 4/9/10), 32 So.3d 800, 802. Upon review of this issue, we find no abuse of discretion in the trial court's ruling.

ASSIGNMENT OF ERROR NUMBER SIX:

In her final assignment of error, Levine suggests the trial court erred in denying her claim for rent due from Johnson for his occupancy of the marital home on Commercial Street. It is clear from the record, however, that the parties made no agreement for the payment of rent, nor was rent ordered by the court at the time of the divorce. Accordingly, the trial court was correct in declining to retroactively assess rent and order reimbursement to Levine. In *McCarroll v. McCarroll*, 96-2700 (La. 10/21/97), 701 So.2d 1280, 1289, the supreme court stated: "[W]e hold that rental payments may not be retroactively assessed under La.R.S. 9:374(C) unless otherwise agreed by the spouses or ordered by the court." We affirm the denial of rental reimbursement.

DECREE

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mary Helen Levine.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.