NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-57

CHRISTUS HEALTH SOUTHWEST LOUISIANA

D/B/A CHRISTUS ST. PATRICK HOSPITAL

VERSUS

ALL ABOUT YOU HOME HEALTHCARE,

INC., ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – Dist. 03
PARISH OF CALCASIEU, NO. 16-04524
DIANNE MARIE MAYO, WORKERS COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of, John D. Saunders, Elizabeth A. Pickett, and Shannon G. Gremillion, Judges.

STAY DENIED.
WRIT DENIED.

**Jerald R. Harper**
**Harper Law Firm**
**213 Texas St.**
**Shreveport, LA 71101**
**(318) 213-8800**
**COUNSEL FOR DEFENDANT/APPLICANT:**
  **Bridgefield Casualty InsuranceCompany**
  **All About You Home Healthcare, Inc.**

**Thomas Allen Filo**
**Cox, Cox, & Filo**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
  **Christus Health SouthwestLouisiana**

**Allison C. Foster**
**Jason B. Nichols**
**Cook, Yancey, King & Galloway**
**P. O. Box 22260**
**Shreveport, LA 71120-2260**
**(318) 221-6277**
**COUNSEL FOR DEFENDANT/APPLICANT:**
  **Bridgefield Casualty InsuranceCompany**
  **All About You Home Healthcare, Inc.**

**SAUNDERS, Judge.**

Relators, All About You Home Healthcare, Inc. and Bridgefield Casualty Insurance Company (hereinafter collectively referred to as Relators), seek supervisory writs from a ruling rendered by the Office of Workers' Compensation, District 3, the Honorable Dianne Mayo, presiding. The ruling at issue was rendered in open court on January 23, 2017, and denied Relators' request for a continuance/stay. Relators ask this court to stay the trial in this matter pending a ruling by this court on the instant writ application.

## STATEMENT OF THE CASE

This matter arises out of the alleged underpayment and/or late payment of medical bills for services provided to Brandi Vital on March 17, 2013, in connection with her workers' compensation claim.[1] It is related to class action litigation that is currently pending before this court.[2] *See Opelousas General Hospital Authority v. FairPay Solutions, Inc.*, 17-42. The parties to the class action entered into a settlement agreement, but the parties disagreed regarding the implementation of the future pricing methodology. There is an issue as to whether the judgment rendered by the trial court in 17-42 was properly designated as a final judgment under *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113.

Christus Health Southwest Louisiana d/b/a Christus St. Patrick Hospital (Christus), the healthcare provider, filed suit against the injured party's employer, All About You Home Healthcare, Inc., and its workers' compensation insurer, Bridgefield Casualty Insurance Company, in the workers' compensation court to

---

[1] Christus notes that the underpayment in this case is alleged to be $75.00.

[2] FairPay Solutions, Inc. (FairPay), is a billing review service. In the class action, several healthcare providers alleged that FairPay re-priced the providers' bills at levels below those required by law.

recover the underpayment as well as penalties and attorneys' fees for the alleged arbitrary and capricious handling of the claim.[3] Relators assert that the instant claim was paid pursuant to the settlement agreement in *Opelousas General Hospital Authority*, 17-42. Relators aver that they "have asserted their appropriate defenses." Although the 1008 is attached as an exhibit to this writ application, Relators' answer to the 1008 is not provided. Christus attached the answer as an exhibit to its opposition. Relators have raised res judicata as a defense.[4]

On January 13, 2017, Relators filed a motion to continue/stay the trial date of January 23, 2017. Relators alleged that the exact issue presented in Christus' 1008 (i.e., the application of the Future FairPay Pricing Methodology as outlined in the settlement in *Opelousas General Hospital Authority*, 17-42) is currently pending before this court. According to Relators, "the consideration of this alleged underpayment is premature, as the application of the methodology by which the insurer issued its payment which is the subject of the instant dispute is the subject of a pending Motion to Enforce Settlement Agreement."

Christus opposed the motion to continue/stay. Christus argued that the suspensive appeal taken by FairPay in *Opelousas General Hospital Authority*, 17-42, "does not and cannot impact this workers' compensation claim." FairPay is not a named defendant in the instant case. FairPay is not an employer or an insurance company and is not subject to suit in workers' compensation court.

A hearing on the motion for stay was held on January 23, 2017. The trial court stated: "The easiest thing for me to do would be to stay this matter, but I have not always done the easiest thing, so what I am going to do is I'm going to deny your motion to stay[,] and we are going to proceed here today." Relators

---

[3] Other similar claims have been filed in the various workers' compensation courts.

[4] The peremptory exception of res judicata can be raised at any time prior to the submission of the case for decision. La.Code Civ.P. art. 928.

2

asked for and were granted seventy-two (72) hours to file a writ with this court. The court recessed the trial at that point and ordered the parties to return for trial on February 8, 2017.

A written judgment was presented for signature, but a signed judgment was not available at the time this writ application was filed. Relators filed a written notice of intent to apply for writs as well as an order to set the return date. That order was not signed. Thus, no return date was specifically fixed by the trial court. Relators were given seventy-two (72) hours, but the minutes do not reflect the time of day on January 23, 2017, that the time was given. The writ application should have been filed by January 26, 2017. The writ was filed by e-mail on January 26, 2017. Christus alleges that the writ was filed outside of the seventy-two (72) hours granted by the trial court because the time limit was given in the morning, and the writ was not filed until the afternoon of January 26, 2017. Christus presents no evidence of this. Thus, this writ application is considered timely filed. Christus filed an opposition to the writ application on January 31, 2017.

Trial in this matter is scheduled to resume on Wednesday, February 8, 2017.

## SUPERVISORY RELIEF

"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La.Code Civ.P. art. 1841. "The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ." *Baxter v. Baxter*, 15-85, p. 10 (La.App. 4 Cir. 6/24/15), 171 So.3d 1159, 1166, *citing* La.Code Civ.P. art. 2201.

3

## ON THE MERITS

"The denial of a motion for continuance will not be disturbed absent a showing of an abuse of discretion by the trial court." *Newsome v. Homer Mem. Med. Ctr.*, 10-564, p. 2 (La. 4/9/10), 32 So.3d 800, 802.

Relators' argument is that "[u]ntil the suspensive appeal of the 27[th] JDC's previous ruling in the *Opelousas General* matter is resolved, any decision by the numerous administrative and lower courts in the eight-plus cases such as this would be premature and/or could run the risk of being inconsistent with this Court's decision in the *Opelousas General* matter." According to Relators, considerations of judicial economy and efficiency also support their request for a continuance/stay because "potentially, the same witnesses would be required to testify in each workers' compensation matter[,] and a number of different judges throughout the State would interpret the language of the Settlement Agreement and, critically, determine whether FairPay is correctly utilizing and applying the agreed-to Methodology as set forth in the Settlement Agreement." Relators cite no authority in support of their request for a continuance/stay other than *Transamerica Ins. Co. v. Whitney Nat. Bank of New Orleans*, 251 La. 800, 809, 206 So.2d 500, 503 (La.1968), *quoting Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163 (1936), which stands for the proposition that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."

Christus was prepared to stipulate that it is a member of the class in the class action settlement and that the employer and its insurer in the instant case would qualify as parties that could be affected by the class action settlement. In opposition to the continuance/stay, Christus argues that an indefinite stay (as

4

sought by Relators) would deprive them of their constitutionally protected right of access to the courts.

Christus cites *Brasseaux v. Spell*, 238 So.2d 254 (La.App. 3 Cir. 1970), in support of its argument. In that case, Brasseaux sought damages for injuries sustained when Girouard shot him. Girouard sought a continuance of the civil trial pending the outcome of his criminal trial on charges stemming from the shooting. The trial court granted the continuance, and this court initially upheld the continuance as being within the trial court's discretion but reserved Brasseaux's right to re-urge the application should the criminal case not be tried within six weeks. When the civil trial was re-fixed, Girouard again sought and was granted a continuance, on the same ground. This court reversed the continuance noting that the trial had been postponed four times and that "[t]o require relator to await the finality of the criminal proceedings makes his civil remedy inadequate if not non-existent. This is a violation of relator's constitutional rights." *Id.*, at 256. "The trial court's discretion may not be used arbitrarily where the denial of a continuance based on a good-faith ground may deny a litigant their day in court." *Shriver v. Lafayette City-Parish Consol. Government*, 14-760, p. 3 (La.App. 3 Cir. 12/10/14), 154 So.3d 789, 791.

Christus also cites *Kershaw v. Mermentau Rice, Inc.*, 05-317 (La.App. 3 Cir. 4/13/15), an unpublished writ decision:

> **WRIT GRANTED AND MADE PEREMPTORY.** The workers' compensation court committed error in granting a stay of the claimants' April 22, 2005 trial date, pending the rendition of a declaratory judgment in a separate, state court action. The particular facts of this case do not outweigh the claimants' due process rights and their right to proceed to a resolution of their matter in the courts, without any undue delay. *Brasseaux v. Spell*, 238 So.2d 254 (La.App. 3 Cir. 1970); U.S.Const. amend. XIV, § I; La.Const. art. 1, §§ 2, 22. The order granting the stay is hereby reversed, and this matter remanded for further proceedings in accordance with this court's ruling.

5

Christus also argues that Relators' motion for continuance/stay is nothing more than a late-filed exception of prematurity and that this writ is a prematurity exception in disguise. *See* La.Code Civ.P. arts. 926 and 928.

We find that Relators have not shown an abuse of discretion. They have not asserted a prematurity exception. They have asserted the defense of res judicata, but the court has made no ruling thereon. Relators are still free to assert the peremptory exception of res judicata, if they so choose. La.Code Civ.P. arts. 927 and 928. Therefore, we deny this writ application. Moreover, the request for stay is denied.

**STAY DENIED.**

**WRIT DENIED.** We find no abuse of discretion in the trial court's ruling.


This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.