CLARK, J., would grant.
CRICHTON, J., would grant and assigns reasons.
GENOVESE,J., dissents and assigns reasons.
CRICHTON, J., would grant and assigns reasons:
I would grant the writ of defendant, The Old Evangeline Downs, LLC, reverse the district court's ruling on the motion to strike, and remand for a hearing on the motion for summary judgment without consideration of the untimely opposition and affidavit. See La. Code Civ. P. art. 966(B)(2) ; Newsome v. Homer Memorial Medical Center , 10-0564 (La. 4/9/10), 32 So.3d 800 ; Buggage v. Volks Constructors , 06-0175 (La. 5/5/06), 928 So.2d 536
GENOVESE, J., dissents and assigns the following reasons:
Subsequent to defendant's filing of its motion for summary judgment in this matter, plaintiff failed to meet the filing deadline of La.C.C.P. art. 966(B)(2), which states that "[u]nless extended by the court and agreed to by all of the parties ... any opposition shall be filed and served ... not less than fifteen days prior to the hearing on the motion" (emphasis added). The hearing on defendant's motion occurred on May 11, 2018. Plaintiff filed her opposition seven days prior to the hearing on May 4, 2018, and filed her affidavit four days prior on May 7, 2018. Defendant filed a motion to strike plaintiff's opposition as untimely, which the trial court denied. As the court and the parties did not agree to extend the filing deadline as required by La.C.C.P. art. 966(B), I find the trial court erred in denying defendant's motion to strike plaintiff's affidavit and opposition. The trial court, court of appeal, and the majority of this court disregarded the mandates of La.C.C.P. art. 966(B). The 2015 amendment to the summary judgment article, specifically La.C.C.P. art. 966(B), requires that an opposition be filed not less than fifteen days prior to the hearing on the motion. This was not done in this case. These timelines have meaning and are not mere suggestions. They are mandatory and not to be arbitrarily ignored. A disregard of any of the timelines in the summary judgment article will thwart the efficacy and core of the procedure. I strongly disagree with the majority's indifference in not holding the line on the filing requirements of the summary judgment procedure. I would reverse the trial court's ruling, grant defendants motion to strike, and remand the matter to the trial court to reconsider and rule upon defendant's motion for summary judgment without plaintiff's opposition.