# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 19-913


**ELSIE FINLEY AND CLINTON J. FINLEY**

**VERSUS**

**LAKELAND PARTNERS, LLC, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 263592
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**David Richard Sobel**
**Nathan W. Friedman**
**Faircloth Melton Sobel & Bash, LLC**
**105 Yorktown Drive**
**Alexandria, LA 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lakeland Partners, LLC D/B/A St. Christina Nursing and**
    **Rehabilitation Center**

**Pius Akamdi Obioha**
**1550 N. Broad St.**
**New Orleans, LA 70119**
**(504) 265-0437**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Elsie Finley**
    **Clinton J. Finley**

**EZELL, Judge.**

Elsie and Clinton Finley appeal the trial court's grant of summary judgment in favor of Lakeland Partners, L.L.C. d/b/a St. Christina Nursing and Rehabilitation Center (hereinafter referred to as Lakeland). The Finleys claim the trial court erred in failing to grant their motion to continue the hearing on the motion for summary judgment. They further claim the trial court erred in not considering the proffered affidavit of an expert witness in opposition to the motion for summary judgment.

## FACTS

According to the facts submitted to the medical review panel, Mr. Finely was admitted to St. Christina in Pineville on December 9, 2005. He was fifty-eight years old at the time. He was transferred to St. Christina from another facility where he received treatment for schizophrenia and paranoia. Upon admission to St. Christina, he was also diagnosed with frozen right shoulder, diabetes mellitus, hypertension, and dual blindness due to glaucoma.

In January 2014, Mrs. Finely was contacted by a doctor from Rapides Regional Medical Center informing her that her husband needed to undergo emergency medical surgery. The petition alleges that Mr. Finely suffered a fractured left leg due to a fall and that gangrene had developed in his left leg. While at the hospital, Mr. Finley's left leg was amputated.

On February 1, 2014, Lakeland sold St. Christina to DHC OpCo-Pineville, L.L.C. On February 11, 2014, St. Christina sent a letter to the Finleys informing them that Mr. Finely would be discharged on March 13, 2014, due to nonpayment. On March 7, 2014, St. Christina sent another letter to the Finleys again informing them that Mr. Finley would be discharged, but now on April 7, 2014. According to

the petition, Mr. Finley was brought to the family residence in New Orleans on April 8, 2014.

On June 5, 2014, the Finleys filed a request for a medical review panel naming Lakeland as the only defendant. The medical review panel rendered a unanimous opinion on December 21, 2017, finding that Lakeland's treatment of Mr. Finley while at St. Christina did not deviate from the requisite standard of care.

The Finleys filed a petition for damages against Lakeland on March 5, 2018. Originally the case was filed in East Baton Rouge Parish where Lakeland was doing business. However, the case was transferred to Rapides Parish pursuant to a motion for forum non conveniens filed on behalf of Lakeland.

On April 15, 2019, Lakeland filed a motion for summary judgment contending that the Finleys have not produced any expert testimony that St. Christina breached the standard of care as required by La.R.S. 9:2794. A hearing on the motion was set for May 13, 2019. On April 26, 2019, Lakeland filed a motion to reset the hearing due to a request from counsel for the Finleys. The hearing was reset for June 3, 2019. At the trial court's request on May 9, 2019, the hearing was again reset to June 10, 2019.

On May 21, 2019, the Finleys filed supplemental and amended responses to interrogatories and requests for production of documents, naming Dr. Terrence Shaenyfelt as an expert witness for the first time. Subsequently, the Finleys fax-filed an ex parte motion to continue the hearing date on the motion for summary judgment. Lakeland filed a motion to strike the motion to continue on May 29, 2019, contending that contested motions to continue must "be tried summarily and contradictorily with the opposite party." La.Code Civ.P. art. 1605. The Finleys acknowledged that the motion to continue was opposed and fax-filed a request on

May 30, 2019, that a rule to show cause be set as to why the hearing should not be reset. The trial court set the date for the rule to show cause on the same date set for the hearing on the motion for summary judgment, June 10, 2019.

At the start of the hearing, the Finleys sought to introduce the affidavit of Dr. Shaneyfelt. Lakeland objected arguing that the affidavit was not filed fifteen days before the hearing as required by La.Code Civ.P. art. 966(B)(2). The trial court agreed and sustained the objection. The trial court also denied the Finleys' motion to continue the hearing. The trial court then granted Lakeland's motion for summary judgment and signed a judgment dismissing the claims of the Finleys on the same date.

The Finleys filed a motion for new trial which was heard on August 12, 2019. The trial court denied the motion, and judgment was signed on the same date. The Finleys then filed the present appeal.

**CONTINUANCE**

The Finleys argue that the trial court should have granted their motion to continue the hearing on Lakeland's motion for summary judgment because they identified an expert witness, but he needed more time to review the medical records. The Finleys identified an expert witness for the first time on May 21, 2019, when they supplemented their discovery responses with the name of Dr. Terrance Shaneyfelt. Lakeland argues the trial court did not abuse its discretion in denying the Finleys' motion to continue and that its unopposed motion for summary judgment was properly granted.

"Unless otherwise agreed to by all of the parties and the court . . . . [f]or good cause shown, the court may order a continuance of the hearing." La.Code Civ.P. art. 966(C). A trial court's decision on a motion for continuance is not to be disturbed

3

unless there has been a showing of an abuse of discretion. *Newsome v. Homer Mem. Med. Ctr.*, 10-564 (La. 4/9/10), 32 So.3d 800; *Rain CII Carbon, LLC v. Turner Indus. Group, LLC*, 19-403 (La.App. 3 Cir. 3/18/20), ___ So.3d ___.

Pursuant to La.Code Civ.P. art. 966(B)(2), all documents in opposition to a motion for summary judgment must be filed fifteen days prior to the hearing on the motion. The Finleys argue that their motion to continue, which identified an expert witness, was timely and demonstrated their need for a continuance.

Lakeland contends that the Finleys' motion to continue was not supported by affidavit testimony as required by La.Code Civ.P. art. 967(C). The Finleys concede that the need was not in the form of an affidavit, but argue the need was demonstrated in the form of a pleading. They argue that their request for a continuance was timely and proper as it was a pleading signed by their counsel and certified by virtue of La.Code Civ.P. art. 863(B).

Pursuant to La.Code Civ.P. art. 966(A)(4), which was added by Acts 2015, No. 422, §1, and effective January 1, 2016:

> The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

A pleading may now be filed in opposition to a motion for summary judgment. However, the *naming* of an expert in a pleading or affidavit is not sufficient to defeat a motion for summary judgment. *Campbell v. Dolgencorp, LLC*, 19-36 (La.App. 1 Cir. 1/9/20), ___ So.3d ___; *Jordan v. Cmty. Care Hosp.* 19-39, 19-40 (La.App. 4 Cir. 7/24/19), 276 So.3d 564. The plaintiff must respond with specific facts based on actual knowledge that there is a genuine issue of material fact. *Id.* Expert opinion

testimony in the form of an affidavit or deposition testimony may be considered in support of or opposition to a motion for summary judgment. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226; La.Code Civ.P. art. 967.

We find that the Finleys' pleading merely identifying Dr. Shaneyfelt as an expert in their motion to continue is not sufficient to defeat a motion for summary judgment, even if it was timely filed. The Finleys needed to produce an affidavit or deposition testimony from Dr. Shaneyfelt demonstrating his personal knowledge of the case. The Finleys did attempt to introduce the affidavit of Dr. Shaneyfelt but not until the morning of the hearing.

In *Newsome*, 32 So.3d 800, the supreme court held that a patient failed to show good cause for continuing a hearing on a motion for summary judgment. The plaintiff requested the continuance just seven days prior to the hearing, and just like the present case, attempted to file an expert affidavit on the day of the hearing. The supreme court observed that plaintiff had approximately five years since the alleged malpractice to obtain an expert. The supreme court found that the trial court abused its discretion in granting the continuance.

In *Guillory v. Chapman*, 10-1370 (La. 9/24/10), 44 So.3d 272, the supreme court held the trial court did not abuse its discretion in failing to grant a continuance when a case was six years old and the plaintiff attempted to late-file an expert affidavit. The supreme court noted the trial court had discretion to follow the mandatory language of La.Code Civ.P. art. 966(B)(2), which now requires that all documents in opposition to the motion must be filed not less than fifteen days before the hearing.

Lakeland filed a motion for summary judgment on April 15, 2019, five years after the Finleys' request for a medical review panel. No expert had been identified by that time. Although the hearing was originally set for May 13, 2019, it was reset twice, and finally scheduled for June 10, 2019. The affidavit of Dr. Shaneyfelt proffered by the Finleys was not signed until the day before the hearing. The Finleys attempted to file the affidavit on the morning of the hearing. This filing was not timely, and the trial court did not abuse its discretion in excluding the affidavit. Therefore, we will now address whether the trial court was correct in granting Lakeland's motion for summary judgment.

## SUMMARY JUDGMENT

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it is "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

> Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id.* at 765–66.

6

On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

Pursuant to La.R.S. 9:2794, a plaintiff's burden of proof in a medical malpractice action is three-fold and must be established by a preponderance of the evidence. The plaintiff must prove the applicable standard of care, a breach of the standard of care, and a causal connection between the breach and injury. "Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Samaha v. Rau*, 07-1726, pp. 5-6 (La. 2/26/08), 977 So.2d 880, 884. "Expert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence." *Pfiffner v. Correa*, 94-924, 94-963, 94-992, p. 9 (La. 10/17/94), 643 So.2d 1228, 1233.

This is not a case where there was an obvious and careless act. Clearly, expert testimony would be required to establish the standard of care Mr. Finley should have received in his treatment while at St. Christina and whether his treatment fell below that standard of care which led to the eventual amputation of his leg.

7

In support of its motion for summary judgment, Lakeland introduced the medical review panels' unanimous opinion (first alteration in original), which stated:

> After a thoughtful review of all evidence submitted for review, we find that the alleged actions of defendant Lakeland Partners, LLC, d/b/a St. Christina did not in any of the manners alleged in the Complaint constitute deviations from or even *a* deviation from the requisite standards of care.
>
> . . . .
>
> . . . . It is worthy of note that in addressing the overall safety efforts of St. Christina, members of the Panel opined that they were "to be commended" and, further, that they "did a great job of trying to keep him safe with a seatbelt being utilized and with padding placed on the floor" on numerous occasions.

The Finleys do not deny that at the time the motion for summary judgment was filed, they had no expert testimony in support of their medical malpractice action. We find that there is no genuine issue of material fact as there is no evidence establishing that Lakeland breached an applicable standard of care in its care of Mr. Finley. We find no error in the trial court's grant of summary judgment in favor of Lakeland.

## MOTION FOR NEW TRIAL

While assigned as error, the Finleys did not brief their argument that trial court erred in failing to grant their motion for new trial which argued that the trial court's ruling was contrary to the law and evidence. According to the Uniform Rules-Louisiana Courts of Appeal, Rules 2-12.4 and 2-12.5, issues not briefed on appeal are deemed abandoned. Because the Finleys failed to brief this assignment of error, it is deemed abandoned.

## CONCLUSION

For the reasons set forth in this opinion, we find that the trial court did not err in refusing to grant the Finleys' motion to continue the hearing on Lakeland's motion

for summary judgment.  We further find that summary judgment in favor of Lakeland Partners, L.L.C. d/b/a St. Christina Nursing and Rehabilitation Center was appropriate.  All costs of this appeal are assessed to Elsie and Clinton Finley.

**AFFIRMED.**