ROBERT SCIONEAUX                                      NO. 25-C-332

VERSUS                                                FIFTH CIRCUIT

OCHSNER CLINIC FOUNDATION D/B/A                       COURT OF APPEAL
OCHSNER MEDICAL CENTER, LLC,
OCHSNER MEDICAL COMPLEZ - RIVER                       STATE OF LOUISIANA
PARISHES, ET AL.

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

_____ August 28, 2025 _____

Linda Tran
First Deputy Clerk

IN RE OCHSNER MEDICAL CENTER LLC D/B/A OCHSNER MEDICAL COMPLEX - RIVER PARISHES

APPLYING FOR  SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 79,088

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT GRANTED**

Relator, Ochsner Medical Center LLC d/b/a Ochsner Medical Complex – River Parishes ("Ochsner"), seeks review of the 40th Judicial District Court's May 30, 2025 ruling granting Plaintiff, Robert Scioneaux's, Motion to Continue the hearing on Relator's Motion for Summary Judgment. In June 2020, Plaintiff fell when he attempted to leave the waiting area of Relator's facility to attend his physical therapy appointment. The parties dispute whether La. R.S. 9:2724, which requires plaintiffs to prove the offending medical practitioner committed gross negligence when the incident occurred during the state of emergency caused by the COVID-19 epidemic, applies in this case.

The hearing on Relator's Motion for Summary Judgment was originally set for May 2, 2025. Relator states it agreed to continue the matter until May 30, 2025 as a professional courtesy. Plaintiff's original Opposition Memorandum, filed on April 23, 2025, did not identify any new expert witness and did not contain the affidavit of an expert witness. On May 15, 2025, Plaintiff filed a Supplemental Opposition, included a report from an independent expert – but no signed and notarized affidavit, or other form of sworn testimony, was included. On May 29th, the day before the hearing, Plaintiff filed another motion to continue. The district court heard arguments on the motion to continue the following day. Relator argued that whatever was included in the Supplemental Motion was untimely, because the affidavit was filed the day before, and counsel for the Plaintiff admitted as much. The district court granted the motion to continue over Relator's objection.

In his writ application, Relator alleges the district court abused its discretion in granting Plaintiff another continuance in order to allow him to supplement his Opposition with a sworn affidavit from his expert witness. Relator asks this Court to order the district court to conduct the hearing. Plaintiff contends in his Opposition to Relator's writ application that the district court granted the continuance to allow both sides to resolve its respective evidentiary issues.

La. C.C.P. art. 966 provides, in pertinent part:

A.

[***]

(4)(a) The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

[***]

B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:

(1) Except for any document provided for under Subsubparagraph (A)(4)(b) of this Article, a motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313(A)(4) not less than sixty-five days prior to the trial.

(2) Except for any document provided for under Subsubparagraph (A)(4)(b) of this Article, any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313(A)(4) not less than fifteen days prior to the hearing on the motion.

[***]

(5) The court shall not reconsider or revise the granting of a motion for partial summary judgment on motion of a party who failed to meet the deadlines imposed by this Paragraph, nor shall the court consider any documents filed after those deadlines.

C. (1) Unless otherwise agreed to by all of the parties and the court:

[***]

(2) For good cause shown, the court may order a continuance of the hearing.

Upon review, we find the district court abused its discretion in granting the motion for continuance to allow Plaintiff's expert's affidavit to be filed in compliance with the fifteen-day limit contained in Article 966. *See Newsome v. Homer Mem'l Med. Ctr.*, 10-564, p. 3 (La. 4/9/10), 32 So.3d 800, 802-03. "[I]f the

hearing is continued for some other reason unrelated to good cause, then this does not allow a party additional time to file its opposition to the motion for summary judgment." *Bankers Ins. Co. v. EMIII Holdings, LLC*, 24-386, p. 20 (La. App. 4 Cir. 12/16/24), 407 So.3d 681, 695.

Accordingly, the writ is granted, the lower court ruling is reversed, and the matter is remanded. The district court is ordered to hear Relator's motion for summary judgment, and consider only the pleadings and any other competent evidence filed in the record under La. C.C.P. art. 966(A)(4)(a) and (b) as of May 30, 2025.

Gretna, Louisiana, this 28th day of August, 2025.

**MEJ**
**JGG**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/28/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-332**

**E-NOTIFIED**
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Joshua J. Spencer (Relator)

John B. Cazale, V (Relator)
Tomy J. Acosta (Respondent)
James A. Harry (Respondent)
Dean T. DeFrancesch (Respondent)

**MAILED**